IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SCOTT N. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CLEOPATRA BARRAGAN, individually and d/b/a Carniceria Y Taqueria Familia Lopez; KEVIN R. TURNER, individually and as Trustee of The Turner Family Trust, dated July 25, 2002 As Last Amended and Restated on April 19, 2005; DIANE R. TURNER, individually and as Trustee of the Turner Family Trust, Dated July 25, 2002 As Last Amended and Restated on April 19, 2005,<br><br>        Defendants. | 2:09-cv-02837-GEB-EFB<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

On December 14, 2009 Plaintiff filed a Notice of Settlement in which Plaintiff states "the parties have settled this action" and a dispositional document "will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than January 4, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

1    The status conference scheduled for February 16, 2010 will remain scheduled, in the event that no dispositional document is filed, or if this action is not otherwise dismissed. Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated: December 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).